# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA GARRIDO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-02230-AB (AJR)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In this immigration detention matter, the Report recommends the dismissal of this action as moot because Petitioner has been removed from the United States to Ecuador. (Dkt. No. 19.) Petitioner's objections to the Report do not merit a different result.

Petitioner objects that the action is not moot because effective relief remains available. (Dkt. No. 21 at 5-6.) The relief Petitioner seeks is the production of her medical records. (*Id*. at 6.) As the Report found, however, "the relief sought by the

Petition, and granted by the District Judge, only applied to the process of removing Petitioner from the United States." (Dkt. No. 19 at 5.) The Report's finding is consistent with the Court's earlier finding that, while it has "limited authority to preserve medical records and ensure continuity of care while Petitioner remains in custody, *see* Order [Dkt. No. 12] at 7-9, nothing in that Order imposed a requirement that Respondents obtain judicial pre-clearance, file compliance certifications, or obtain court authorization before effectuating transfer or removal." (Dkt. No. 14 at 3.) The Court declined to grant relief creating "ongoing supervisory obligations requiring real-time judicial approval of enforcement actions." (*Id.*) Thus, such relief is not proper here.

Petitioner objects that the Report erred in treating this as a habeas-release case and overlooking Petitioner's independent claims. (Dkt. No. 21 at 7-8.) The independent claims were violations of Section 504 of the Rehabilitation Act, the Administrative Procedure Act, and the *Accardi* doctrine, for which Petitioner seeks declaratory and injunctive relief as to her medical records. (*Id.* at 7.) But as the Court previously found, it has no "authority to restrain removal or its execution." (Dkt. No. 14 at 3.) Moreover, this habeas action is no longer a proper vehicle in which to address Petitioner's "independent claims" involving the alleged deprivation of her medical records after she was released from detention and removed from the country. *See Chaudhry v. Bondi*, 2026 WL 242546, at *1 (W.D. Wash. Jan. 29, 2026) (habeas relief was unavailable for detainee's ancillary claims seeking return of his personal documents after he had been released from detention); *Ameziane v. Obama,* 58 F. Supp. 3d 99, 102 (D. D.C. 2104) ("A legal challenge to the government's confiscation and continued possession of petitioner's personal property is not a proper claim for habeas relief. While a habeas petition is a vehicle capable of challenging the basis of a governmental restriction on a person's liberty, it is not capable of addressing private property rights.") (citation and quotation marks omitted).

Petitioner objects that the Court should resolve Petitioner's pending motion for reconsideration before making any mootness determination. (Dkt. No. 21 at 8-9.) Petitioner's motion for reconsideration sought "to reconcile" the Court's earlier order from May 6, 2026, which in turn denied Petitioner's "motion to enforce" because the Court found the motion impermissibly attempted to "create ongoing supervisory obligations requiring real-time judicial approval of enforcement actions." (Dkt. No. 14 at 3.) Nothing was ambiguous or inherently inconsistent in the Court's May 6 order so as to require reconciliation. As the Report found, the Court ordered relief only as to "the process of removing Petitioner from the United States" and none beyond that. (Dkt. No. 19 at 5.)

Petitioner objects that even under the Report's own authority, Petitioner's removal does not moot the action. (Dkt. No. 21 at 9-11.) The action is not moot, according to Petitioner, because she has "pleaded independent statutory claims and sought relief not dependent on custody." (Dkt. No. 21 at 9.) For example, Petitioner allegedly had to be hospitalized because she was not properly transported from detention prior to removal. (*Id*. at 10.) But as the Report found, "Petitioner is no longer in Respondents' custody and Respondents no longer have the ability to provide any additional medical, procedural, or custodial safeguards in connection with Petitioner's removal, which has already occurred." (Dkt. No. 19 at 5.) Thus, the Report properly found that the Petition is moot.

Petitioner objects that she suffers redressable collateral consequences. (Dkt. No. 21 at 11.) The two collateral consequences allegedly are (1) a multi-year statutory bar on reentry and (2) the interruption of Petitioner's medical treatment and the withholding of her medical records. (*Id*.) First, the multi-year statutory bar on reentry following Petitioner's removal is not a redressable collateral consequence because it has nothing to do with any of the cognizable claims raised in the Petition, which excluded any claims challenging removal. *See Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009) (ten-year bar on return to United States

arising from an agency determination of inadmissibility that went unchallenged was not a collateral consequence sufficient to keep the action alive); *Mendoza-Flores v. Rosen*, 983 F.3d 845, 848 (5th Cir. 2020) ("Collateral consequences must stem from the underlying cause of action to salvage justiciability.").  Second, the alleged interruption of Petitioner's medical treatment and withholding of her medical records following her removal are not collateral consequences that are redressable by the continued litigation and success of this Petition.  *See Larsgard v. Martinez*, 2021 WL 9387084, at *1 (D. Ariz. Nov. 30, 2021) (allegedly inadequate medical care received by Petitioner following his deportation was not redressable by habeas petition).

It is ordered that (1) the Report and Recommendation is accepted and adopted; and (2) Judgment will be entered dismissing this action without prejudice for lack of subject matter jurisdiction.

DATED: July 1, 2026

_____
ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE

4